UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEPAK SHARMA (A# 203-703-707), | No.  1:25-cv-1861 AC |
| Petitioner, | |
| v. | ORDER |
| WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al., | |
| Respondents. | |

Pursuant to the parties' consent, all proceedings and entry of final judgment are assigned to the magistrate judge.  ECF No. 14.  For the foregoing reasons, the petition for writ of habeas corpus is granted in part.

I.      Factual and Procedural Background

Petitioner, a national and citizen of India, entered the United States on or about July 16, 2019.  ECF No. 11-1 (Declaration of Deportation Officer Mayra Gallenkamp ("Gallenkamp Decl.")) ¶ 5.  Petitioner was detained by border patrol and issued a Notice to Appear ("NTA"), charging him as inadmissible and ordering him to appear for a future removal hearing.  Id. ¶¶ 5 and 7; ECF No. 11-3 (Notice to Appear) at 1.  On September 6, 2019, petitioner was released on his own recognizance.  ECF No. 11-1 (Gallenkamp Decl.) ¶ 8; ECF No. 11-4 (Notice to EOIR: Alien Address) ("Released from ICE custody on the following condition(s): Order of Supervision or Own Recognizance (Form I-220A)").

1

The NTA was filed with the Executive Office of Immigration Review ("EOIR") on February 13, 2020.  ECF No. 11-3 (NTA) at 1.  The NTA does not indicate that the notice was "being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution" or that an expedited removal order under INA § 235(b)(1) was being vacated in light of such finding.  Id.

Petitioner was arrested on June 5, 2024, and January 2, 2025.  ECF No. 11-1 (Gallenkamp Decl.) ¶¶ 9-10; ECF No. 11-5 (RAP Sheet) at 8.  On January 7, 2025, petitioner was convicted of assault in violation of California Penal Code § 245.  ECF No. 11-1 (Gallenkamp Decl.) ¶ 11; ECF no. 11-5 (RAP Sheet) at 8.

On June 25, 2025, petitioner was identified as a potential immigration violator and targeted for detention.  ECF No. 11-6 (Form I-213, June 26, 2025) at 2.  On June 26, 2025, petitioner was ordered removed to India by an Immigration Judge.  Id.; ECF No. 11-8 (Order of Immigration Judge).  Before petitioner left the immigration court, Immigration and Customs Enforcement ("ICE") detained him based on their determination that he was subject to a final order of removal.  ECF No. 11-6 (Form I-213, June 26, 2025) at 2.  Petitioner was not afforded a pre-detention hearing.  ECF No. 1 at 6.

On July 15, 2025, petitioner appealed the removal order.  ECF No. 11-10 (Filing Receipt for Appeal).  The appeal remains pending.[1]

On December 15, 2025, petitioner filed a habeas petition alleging violations of procedural and substantive due process.  ECF No. 1.  In response, respondents filed a motion to dismiss or alternatively an opposition to the petition for writ of habeas corpus.  ECF No. 11.  Petitioner has filed a response to the motion to dismiss and reply to the petition.  ECF No. 16.

II.    The Petition

The petition alleges that respondents violated petitioner's Fifth Amendment due process rights.  ECF No. 1 at 5-17.  The petition seeks an order (1) declaring petitioner's detention violates the Due Process Clause of the Fifth Amendment; (2) granting petitioner's immediate

---

[1] Executive Office of Immigration Review, Automated Case Information, available at https://perma.cc/2B6B-KQMH (last visited April 29, 2026).

release or release within 30 days unless respondents schedule a bond hearing before an immigration judge with certain procedural protections; (3) granting any further relief deemed just and proper, and (4) awarding costs and reasonable attorneys' fees. Id. at 17.

III.    Legal Standard

The Constitution guarantees the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The writ of habeas corpus extends to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001) (citation omitted), superseded by statute on other grounds, Nasrallah v. Barr, 590 U.S. 573580 (2020). "District courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order[.]" Lopez-Marroquin v. Barr, 955 F.3d 759 (9th Cir. 2020) (citation omitted); see also Zadvydas, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

IV.    Discussion

A. Relevant Statutory Framework

The United States Supreme Court has acknowledged that "[i]mmigration law can be complex, and . . . is a legal specialty of its own." Padilla v. Kentucky, 559 U.S. 359, 369 (2010). "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Accordingly, the undersigned begins with the relevant statutory framework.

Title 8 U.S.C. § 1225 governs the procedures by which the government may mandatorily

3

detain "an applicant for admission."  Section 1225(a)(1) defines "an applicant for admission" as a noncitizen "present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including [a noncitizen] who is brought to the United States after having been interdicted in international or United States waters)." 8 U.S.C. § 1225(a)(1).  "[A]pplicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)."  Jennings v. Rodriguez, 583 U.S. 281, 287 (2018).  Both categories are subject to mandatory detention until a certain point or until certain proceedings have concluded.  Id.  Of relevance, § 1225(b)(2)(A) states that a noncitizen "applicant for admission" who is "seeking admission" and who does not fall under § 1225(b)(2)(B) exceptions or is subject to subparagraph (C) "shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2)(A).  Despite mandatory detention, applicants for admission may be temporarily released on parole "for urgent humanitarian reasons or significant public benefit" under 8 U.S.C. § 1182(d)(5).  Id. at 288 (citing 8 U.S.C. § 1182(d)(5), 8 C.F.R. §§ 212.5(b), 235.3 (2017)).

Title 8 U.S.C. § 1226 governs detention of noncitizens who are already present in the United States but do not have an absolute right to remain here and are subject to full, standard removal proceedings.  See Jennings, 583 U.S. at 288-89 ("U.S. immigration law authorizes the Government to detain certain [noncitizens] *seeking admission into* the country under §§ 1225(b)(1) and (b)(2)" and "certain [noncitizens] *already in* the country pending the outcome of removal proceedings under §§ 1226(a) and (c).") (emphasis added).  "Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for arrest and detention of an [noncitizen] 'pending a decision on whether the [noncitizen] is to be removed from the United States."  Id. at 288 (citing 8 U.S.C. § 1226(a)).  "Except as provided in subsection (c) of this section," the Attorney General "may continue to detain" or "may release" a noncitizen detained under § 1226(a) on "bond" or "conditional parole."  8 U.S.C. § 1226(a).  Section 1226(c) sets out a statutory category of noncitizens "who may *not* be released under § 1226(a)."  Jennings, 583 U.S. at 289 (emphasis in original).

Section 1231(a) governs detention of noncitizens who have a *final* order of removal and

4

mandates detention during a ninety-day "removal period."  8 U.S.C. § 1231(a)(1)(A).  "This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and [the Ninth Circuit Court of Appeals] stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement."  Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)-(iii)).  An order of removal becomes "administratively final" "only upon the earlier of (i) a [Board of Immigration Appeals ("BIA")] determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order."  Ocampo v. Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)); Orellano v. Sessions, 736 Fed. Appx. 635, 638 (9th Cir. 2018) (Thomas, C.J., concurring) ("A removal order thus becomes administratively final only upon affirmance by the BIA or the running of the appeal period.").  Section 1231(a), however, "does not provide any authority before the removal period."  Prieto-Romero, 534 F.3d at 1060.

### B.  Applicable Detention Statute

Considering the facts in this case under the relevant statutory framework, the undersigned finds that petitioner's initial detention under 8 U.S.C. § 1231(a) was unlawful and rejects respondents' arguments that petitioner is now subject to mandatory detention under 8 U.S.C. § 1225(b)(2), rather than discretionary detention under 8 U.S.C. § 1226.  See ECF No. 11 at 2-5, 7-8.[2]

The record before the undersigned shows that petitioner entered the United States in 2019 and was detained for less than two months and not placed into expedited removal proceedings under INA § 235(b)(1), codified at 8 U.S.C. § 1225(b)(1).  ECF No. 11-1 (Gallenkamp Decl.) ¶¶ 5, 7; ECF No. 11-3 (NTA) at 1.  The record further shows petitioner was released using ICE Form I-220A.  ECF No. 11-3.  ICE Form I-220A, labeled "Order of Release on Recognizance,"

---

[2] Respondents also argue that mandatory detention is constitutional.  ECF No. 11 at 5-6.  The court declines to address this argument because, as discussed below, the undersigned finds that petitioner is not subject to mandatory detention, and that even if he is subject to mandatory detention under § 1225(b)(2), such detention does not alter the outcome of petitioner's due process claim based on revocation of release.

5

states "[i]n accordance with section 236 of the Immigration and Nationality Act and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions[.]" Solano v. Robbins, No. 1:25-cv-1823 EPG HC, 2025 WL 3718831, at *4 (E.D. Cal. Dec. 23, 2025); S.D.O.T. v. Chestnut, No. 1:25-cv-1956 JLT SAB HC, 2026 WL 171926, at * 4 n.3 (same). In Ortega Cervantes v. Gonzalez, 501 F.3d 1111, 1112, 1115 (9th Cir. 2007), the Ninth Circuit found the prior version of ICE Form I-220A, INS Form I-220A, Order of Release on Recognizance, refers to "conditional parole" under § 1226(a). Accordingly, the undersigned finds that petitioner was released under 8 U.S.C. § 1226(a).

Courts dealing with similar facts, including this court, have concluded that when a noncitizen is released under 8 U.S.C. § 1226(a), that section, not § 1225(b)(2), governs the noncitizen's detention. Amaya-Quinteros v. Corecivic, Inc., No. 1:25-cv-1672 AC, 2025 WL 3687642, at 10 (E.D. Cal. Dec. 19, 2025) (collecting cases); Orejuela Gutierrez v. Chestnut, No. 1:25-cv-1515 DAD AC, 2025 WL 3514495, at *5 (E.D. Cal. Dec. 8, 2025) (alternation in original) ("[A]s numerous courts have observed, the initial decision to pursue petitioner's detention under § 1226(a) precludes the government from later 'switch[ing] tracks' to subject him to mandatory detention under § 1225(b)(2)." (quoting Salcedo Aceros v. Kaiser, No. 25-cv-06924 EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025))).

Moreover, courts, including this court, have also repeatedly and overwhelmingly concluded that when a noncitizen is detained within the *interior* of the United States, the appropriate detention statute is 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b). Amaya-Quinteros, 2025 WL 3687642, at *10 (finding "that the plain language of the statutes, the overall structure of these statutes, the Supreme Court's interpretation of the statutes, the intent of Congress, and the long-standing practice of applying § 1226(a) prior to 2025 to noncitizens like petitioner . . . makes clear that § 1226(a) is the appropriate statutory framework for noncitizens like petitioner who are *already in* the country and not subject to § 1226(c)") (emphasis in original); Morales-Flores v. Lyons, No. 1:25-cv-1640 TLN EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (citing collected cases rejecting the Department of Homeland Security's new policy, adopting an

expansive definition for "applicant for admission" under 8 U.S.C. § 1225(b)(2) to include all noncitizens unlawfully present in the United States); Josue I.C.A. v. Lyons, No. 1:25-cv-1542 SKO, 2025 WL 3496432, at *3 n.6 (E.D. Cal. Dec. 5, 2025) (same); Aquino v. LaRose, No. 25-cv-2904 RSH MMP, 2025 WL 3158676, at *3 (S.D. Cal. Nov. 12, 2025) ("the overwhelming majority of courts to address the issue have agreed that Section 1226(a), rather than the mandatory detention provision of Section 1225(b)(2)(A), applies to a noncitizen in Petitioner's position who has resided in the United States for many years") (collecting cases); Alejandro v. Olson, No.1:25-cv-2027-JPH-MKK, 2025 WL 2896348, at *6 (S.D. Ind. Oct. 11, 2025) (collecting cases); Lepe v. Andrews, No. 1:25-cv-1163-KES-SKO (HC), __ F.Supp.3d.__, 2025 WL 2716910, at * (E.D. Cal. Sept. 23, 2025) (collecting cases).

Yesterday the Second Circuit reached the same conclusion in Barbosa da Cunha v. Freden, after reviewing the plain language of 8 U.S.C. § 1225 and § 1226, "the statutory context, structure, history, and purpose, as well as nearly three decades of Executive Branch practice enforcing the immigration laws with that understanding and the accompanying congressional silence in light of that practice." Barbosa da Cunha v. Freden, ___ F.4th ____, 2026 WL 1146044, at *2, 4 (2nd Cir. Apr. 28, 2026). The court found that 8 U.S.C. § 1226(a) governed petitioner's detention where petitioner was arrested within the interior of the United States after living here for over twenty years. Id. at *2-3. The court noted that its "holding is consistent with" the preliminary conclusion in Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1062 (7th Cir. 2025) and "the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position." Id., at *4 (explaining that "over ninety percent of district judges have sided with Petitioner" on this issue). The court also explained why it disagreed with the contrary decisions in Buenrostro-Mendez v. Bondi, 166 F.4th 494, 508 (5th Cir. 2026) and Avila v. Bondi, 170 F.4th 1128, 1138 (8th Cir. 2026). Id., at *4, 6-7, 13-19.

Because the undersigned is persuaded by the thorough analysis in Barbosa da Cunha and similar cases noted above, the undersigned adopts and incorporates the analysis in those cases here and similarly finds petitioner, who was detained in the *interior* of the United States after

7

living here for six years, cannot presently be detained under 8 U.S.C. § 1225(b)(2).  The applicable detention statute in this case, pre-final order of removal, is 8 U.S.C. § 1226(a).

The discussion, however, does not end here because the record shows petitioner received an order of removal from an immigration judge and that ICE interpreted this order as a "final" order of removal and re-detained petitioner in order to execute the order.  See ECF No. 11-2 at 2. The undersigned therefore must determine whether petitioner has a final order of removal, which would change the detention authority from 8 U.S.C. § 1226(a) (pre-final order) to 8 U.S.C. § 1231(a) (post-final order).

In their response to the petition, respondents take a rather odd position, claiming that the immigration judge's removal order authorized them to detain petitioner, presumably under 8 U.S.C. § 1231(a), and that once petitioner appealed the removal order the authority for his detention *reverted* to 8 U.S.C. § 1225(b)(2)(A), a pre-final order of removal detention statute. ECF No. 11 at 2, 5.  Respondents' position is flawed for two reasons.

First, because petitioner was re-detained *prior* to the expiration of the appeal period, and the BIA has not affirmed the removal order, ICE lacked authority to detain petition under 8 U.S.C. § 1231(a)—based on a final order of removal—on June 26, 2025.  Secondly, as discussed above, because petitioner was *previously released* from immigration custody pursuant to 8 U.S.C. § 1226(a) and was arrested within the *interior* of the United States, his pre-final order of removal detention is governed by 8 U.S.C. § 1226(a), not § 1225(b)(2)(A).

Accordingly, the court finds that petitioner's current detention is governed by 8 U.S.C. § 1226(a).

### C.  Fifth Amendment Due Process Claim – Revocation of Release

Respondents argue that petitioner's conditional release does not change his status as an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b), and that petitioner therefore does not possess a due process right to freedom from immigration detention in any form other than the form provided by Congress.  ECF No. 11 at 6, 9.  Petitioner argues that his release on conditional parole for six years created a "real and weighty liberty interest" and that because he is not seeking admission but rather liberty from prolonged civil confinement without meaningful

8

due process, he is not confined to the "process authorized by Congress." ECF No. 16 at 4-5.

This court in numerous cases has previously addressed petitioner's due process claim based on the revocation of his release. In doing so,

> this court has found that the Due Process Clause requires that, in order for the government to *re-detain* a noncitizen who has been *previously released* on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered.

Hernandez Gonzalez v. Warden, California City Corr. Ctr., No. 1:26-cv-02630 DC AC (HC), 2026 WL 1069555, at *1 (E.D. Cal. Apr. 20, 2026) (emphasis added); Singh v. Noem, No. 1:26-cv-1150 DC JDP (HC), 2026 WL 585512 (E.D. Cal. Mar. 2, 2026) (same); Orellana Gonzalez v. Cerna, No. 1:26-cv-1344 DC JDP (HC), 2026 WL 604193 (E.D. Cal. Mar. 4, 2026) (same); see also Thakur v. Chestnut, No. 1:26-cv-0038 CSK, 2026 WL 1099018 (E.D. Cal. Apr. 23, 2026); Guervara v. Warden, No. 1:26-cv-2451 DC AC, 2026 WL 1068767 (E.D. Cal. Apr. 20, 2026); Singh v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-00196 DC AC (HC), 2026 WL 785834 (E.D. Cal. Mar. 20, 2026); Mejia Parada v. Chestnut, No. 1:26-cv-1564 DAD JDP, 2026 WL 555479 (E.D. Cal. Feb. 27, 2026); Vilcape Garate v. Chestnut, No. 1:26-cv-1472 DAD SCR, 2026 WL 524661 (E.D. Cal. Feb. 25, 2026); Tarawally v. Chestnut, No. 1:26-cv-0619 TLN CSK, 2026 WL 249611 (E.D. Cal. Jan. 30, 2026); D.L.C. v. Wofford, No. 1:25-cv-1996 DC JDP (HC), 2026 WL 25511 (E.D. Cal. Jan. 5, 2026); Selis Tinoco v. Noem, No. 1:25-cv-1762 DC JDP (HC), ___ F. Supp. 3d ____, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025); Perez v. Albarran, No. 1:25-cv-1540 DAD CSK, 2025 WL 3187578 (E.D. Cal. Dec. 9, 2025); O.A.C.S. v. Wofford, No. 1:25-cv-1652 DAD CSK, 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025); Labrador-Prato v. Noem, No. 1:25-cv-1598 DC SCR (HC), ___ F. Supp. 3d ____, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025); Ayala Cajina v. Wofford, No. 1:25-cv-1566 DAD AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025); Thakur v. Chestnut, No. 1:26-cv-0038 CSK, 2026 WL 1099018 (E.D. Cal. April 23, 2026).

Adopting and incorporating the reasoning from those cases, the undersigned finds that

petitioner's due process rights were violated. Petitioner, who was released from immigration custody in 2019 under 8 U.S.C. § 1226(a) and re-detained on June 26, 2025, should have been afforded a pre-deprivation hearing prior to his re-detention. Because he was not, respondents violated his due process rights and petitioner is entitled to be released to right this wrong.[3]

Accordingly, the petition for writ of habeas corpus will be granted on petitioner's due process claim based on revocation of release and respondents' motion to dismiss will be denied.

### D. Motion to Strike and Dismiss Unlawfully Named Officials

In a footnote to their motion to dismiss, "[r]espondents move to strike and dismiss all unlawfully named officials under § 2241." ECF No. 11 at 1 n.1. Citing Rumsfeld v. Padilla, 542 U.S. 426, 430 (2004), Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir, 1996), and Doe v. Garland, 109 F.4h 1188 (9th Cir. 2024), respondents argue that the only proper respondent in this case is petitioner's custodian—the warden of his detention facility. Id. In reply, petitioner "does not oppose caption clean up *if the Court prefers*" and "proceed[ing] with the Warden as respondent (*if required*)." ECF No. 16 at 6 (emphasis added). However, for the reasons discussed below, the undersigned will deny respondents' motion to strike and dismiss all respondents other than the warden.

First, respondents' reliance on Rumsfeld, Ortiz-Sandoval, and Doe is misplaced. Those cases addressed the proper respondent in a "core" habeas case, which is a case in which release is the only remedy. See Rumsfeld, 542 U.S. at 435; Ortiz-Sandoval, 81 F.3d at 894-96; Doe v. Garland, 109 F.4h at 1197. Here, as discussed below, petitioner's case presents relief in the form of release and protection from *future* detention. None of the above cases address this issue.

---

[3] Even if the undersigned agreed with defendants that petitioner's detention is governed by 8 U.S.C. § 1225(b)(2)—which she does not—the outcome in this case would be the same. Singh v. Warden, 2026 WL 785834, at *1 ("Moreover, the undersigned declines to resolve the statutory basis for petitioner's current detention, as the due process analysis would be the same whether petitioner was detained under 8 U.S.C. § 1225(b) or § 1226(a)") (collecting cases); Fernández López v. Wofford, No. 1:25-cv-1226 KES SKO (HC), 2025 WL 2959319, at *4-5 (E.D. Cal. 2025) (finding that petitioner released from immigration detention on parole had protected liberty interest in remaining out of custody regardless of whether she was paroled under § 1226(a) or § 1182(d)(5), the parole provision for release under § 1225(b)).

Second, respondents fail to address Dunne v. Henman, 875 F.2d 244 (9th Cir. 1989), a "non-core" habeas case concerning relief from *future* detention. There, the Ninth Circuit explained that the official with control over petitioner's *future* detention is a "true custodian" and should be named as a respondent. Here, the warden of petitioner's detention facility does not have control over petitioner's *future* detention, unless petitioner happens to end up back in the same facility. In contrast, the other named defendants have control over petitioner's *future* detention and therefore are his "true custodians."

Third, and most importantly, none of the above cases preclude naming *additional* respondents other than petitioner's physical custodian in a case like this, where *release and protection against future detention*, are at stake. See Gonzalez Angulo v. Warden, California City Corr. Ctr., No. 2:26-cv-1249 KES SAB, 2026 WL 967623, at *1 (E.D. Cal. Apr. 9, 2026). Accordingly, the undersigned will deny respondents' motion to strike and to dismiss respondents other than the warden. See id.; Khan Atal v. Secretary of the United States Dep't of Homeland Sec., No. 1:26-cv-1945 DAD SCR, 2026 WL 1110268, at *2 (E.D. Cal. Apr. 24, 2026) (denying motion to dismiss all respondents other than petitioner's immediate custodian "because the appropriate remedy here includes an injunction on the action of those who may execute any future re-detention of petitioner"); Estrada v. Mullin, No. 1:26-cv-2527 KES EPG, 2026 WL 1030902, at *2 (E.D. Cal. Apr. 16, 2026) (denying motion to dismiss all respondents other than petitioner's immediate custodian because the other respondents, not the warden, are the officials "who may decide to re-detain petitioner and deny him a bond hearing").

CONCLUSION

For the reasons discussed above, IT IS HEREBY ORDERED that:

1.    Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED on his Fifth Amendment due process claim based on revocation of release as follows.

    a.   Respondent is ordered to

        i.   IMMEDIATELY RELEASE petitioner from custody under the terms of supervision in place at the time of his detention.

        ii.   RETURN all of petitioner's documents and possessions upon

11

petitioner's release.

    iii. FILE a notice of compliance within three (3) days of this order confirming petitioner's release and the return of his documents and possessions.

  b. Respondents are PERMANENTLY ENJOINED and RESTRAINED from re-detaining petitioner absent no less than seven (7) days' notice to petitioner and a pre-deprivation bond hearing before a neutral arbiter, at which petitioner's eligibility for bond must be considered. This order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

  c. Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 id DENIED without prejudice to bringing a properly noticed and supported motion.

2. Respondents' motion to dismiss and to strike (ECF No. 11) is DENIED.

3. The Clerk of the Court is directed to enter judgment in favor of petitioner in this case, serve **Golden State Annex** with a copy of this Order, and CLOSE this case.

DATED: April 29, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

12